STATE OF NEBRASKA, APPELLEE, v. DENNIS W. ZOLLARS, APPELLANT.

196 N. W. 2d 521

Filed April 20, 1972. No. 38343.

Dennis W. Zollars, pro se.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and WARREN, District Judge.

WHITE, C. J.

The defendant, Dennis W. Zollars, asserts excessiveness of a 3-year sentence, for making, drawing, uttering, and delivering a bank check when he knew he did not have an account in or a deposit in the bank upon which he drew such check.

The defendant pled guilty to the charge and the record reveals a careful protection of the defendant's rights

and a plea completely voluntary in nature. The defendant does not contend otherwise. The record also reveals that on July 23, 1971, the defendant had committed another like offense for which he was found guilty in the district court for Platte County, Nebraska, and that the present charge of issuing a no-account check is a second offense.

It is clear that the sentence imposed was within the limits provided by law and there is nothing in the record to show that the court abused its discretion in imposing the sentence that it did. On the contrary, the record affirmatively shows that within a short period of time after having written a no-account check, the defendant repeated the offense in another county with no circumstances being shown by way of justification.

The defendant apparently contends now, after the sentence has been imposed, he was under the impression the court ruled that he be eligible for parole after serving 1 year of the sentence. Eligibility for parole, of course, is not within the jurisdiction or the discretion of the sentencing judge. The record of the sentence imports absolute verity and reads as follows: "The Court: Then, Mr. Zollars, the Court accepts your plea of guilty, and it is the order and judgment of this Court that you be confined and sentenced to the Nebraska Penal and Correctional Complex for a term of three years at hard labor, except for Sundays and holidays; and that no part of said sentence shall be in solitary confinement or upon bread and water. You are remanded to the sheriff to be taken to the complex as provided by law.

"The Witness: Yes, sir."

The sentence imposed is clear and unmistakable and there is utterly no merit to the defendant's contention. In State v. Moore, *ante* p. 104, 195 N. W. 2d 253, this court recently held that relief cannot be granted on appeal when it is frivolous and completely lacking in merit.

The judgment of the district court is correct and is affirmed.

AFFIRMED.